UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAUNA MARIE GROSS,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 4:24-CV-04076-KES<br><br>ORDER |

  Shauna Marie Gross, an inmate in a federal penitentiary, has filed a motion to vacate, set aside or correct her criminal judgment pursuant to 28 U.S.C. § 2255. Docket No. 1. She is currently representing herself, but seeks court appointed counsel. Docket No. 2.

  It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)). Because Ms. Gross has no constitutional right to appointment of counsel in her habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the district court

has discretion to determine whether to appoint counsel.[1]  Sullivan v. Lockhart, 958 F.2d 823, 826 (8th Cir. 1992) (citing Ferguson, 905 F.2d at 213-214). Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas corpus petition does not violate petitioner's constitutional rights.  Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970)

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim.  If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.  If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the

---

[1] A district court must appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court.  Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (citing Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254).  An evidentiary hearing is not necessary when "the issues involved can be properly resolved on the basis of the state court record." Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993) (citing McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992)).  A petitioner is entitled to an evidentiary hearing in federal court only if he shows "both cause for failure to adequately develop the facts in the postconviction state court hearing and actual prejudice resulting therefrom."  Smith, 998 F.2d at 1442 (citing McCann, 973 F.2d at 658).  "A federal court should grant a hearing if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court." Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990) (citing Wallace v. Lockhart, 701 F.2d 719, 729 (8th Cir. 1983)).

> interests of justice so require" it.  To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

Abdullah, 18 F.3d at 573 (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

In Hoggard, petitioner presented claims similar to those presented by Ms. Gross in his federal habeas petition, namely ineffective assistance of counsel, denial of due process, and involuntarily and unknowingly entering into a guilty plea.  Hoggard, 29 F.3d at 470.  The court affirmed the district court's denial of petitioner's request for counsel on the basis that his petition was not factually or legally complex, he was capable of understanding and presenting his claims, and the petition could be decided on the basis of the state court record.  Id. at 472.

Hoggard is consistent with the holding in Abdullah, another Eighth Circuit case in which petitioner asserted, in his federal habeas petition, claims of ineffective assistance of counsel, insufficient evidence to sustain his conviction, and denial of due process.  Abdullah, 18 F.3d at 572.  The Eighth Circuit affirmed the district court's denial of petitioner's request for appointment of counsel on the following grounds: petitioner's claims are not legally or factually complex and do not involve difficult questions of law; petitioner appeared capable of presenting his claims to district court; petitioner

pleaded nearly all his claims at the state court level and those he did not plead were frivolous; counsel would have been of little benefit to the court in reading and understanding the settled record; and the interests of justice do not require appointment of counsel.  Id. at 571-74.

Further, in Smith, the Eighth Circuit held that the district court did not abuse its discretion in denying petitioner's request for appointment of counsel when it was clear from the state court record that petitioner's federal habeas claims were procedurally barred for failure to exhaust state court remedies. Smith, 998 F.2d at 1442.

Based on the above well-settled case law, it is clear that Ms. Gross is not entitled to appointment of counsel to assist her in pursuing federal habeas relief.  In her federal habeas corpus petition, Ms. Gross asserts claims that her trial counsel provided her with constitutionally ineffective assistance of counsel.  Docket No. 1.  These claims do not present difficult questions of law that would be unfamiliar to this court.  The settled record does not require the assistance of counsel to read and understand it.  Finally, Ms. Gross appears capable of presenting and articulating her claims to this court.  See Abdullah, 18 F.3d at 573-74 (court held that although appellate counsel could have presented a stronger argument in district court, counsel would have been of little benefit in reading and understanding the settled record).  Thus, this court

finds that it is not in the interests of justice to appoint counsel to assist Ms. Gross in her federal habeas corpus petition.

DATED this 30th day of April, 2024.

BY THE COURT:

VERONICA L. DUFFY

United States Magistrate Judge