UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAUNA MARIE GROSS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:24-CV-04076-KES<br><br><br>ORDER DENYING MOTION TO RECUSE |

Plaintiff, Shauna Gross, moves this court to recuse itself. Docket 1. Gross alleges during her trial the court erred in stating Gross and her co-defendant, Rusty Driscol, were not being tried together. *Id.* Gross claims that because of this, the court has a conflict of interest and should recuse itself from her 28 U.S.C. § 2255 claim. *Id.*

Under 28 U.S.C. § 455(a), any judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). Section 455(b) sets out further situations when recusal is required. "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the

party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher*, 323 F.3d at 664 (citation omitted).

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges. . . [or] require recusal every time a judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the Court has lost its impartiality. This question must be answered 'in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases,* 680 F.2d 1175, 1184 (8th Cir. 1982).

Applying the foregoing principles here, the court finds that Gross has not met her burden to demonstrate recusal is appropriate. Gross's claims are brief, generalized, and offer no insight as to how the court's statements, and alleged error impact the court's ability to remain unbiased. Even if the court did commit the alleged error, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. Thus, it is

ORDERED that plaintiff's motion (Docket 1) is DENIED.

DATED May 2, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE