UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHAUNA MARIE GROSS,<br><br>　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 4:24-CV-04076-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S REQUEST FOR EVIDENTIARY HEARING |

Movant, Shauna Gross, filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Docket 1.[1] The United States moved to dismiss the motion but acknowledges that an evidentiary hearing should be held on Gross's failure to file a notice of appeal claim. Docket 39 at 18. Gross, acting pro se, responded to the government's motion to dismiss, arguing that the court should hold an evidentiary hearing and that she should be granted bail to prepare for such hearing. Docket 42 at 5. Magistrate Judge Veronica Duffy issued a report recommending that the court grant the government's motion to dismiss all of Gross's claims except her claim concerning her attorney's failure to file a notice of appeal. Docket 44 at 40. On that claim, Magistrate Judge Duffy recommends an evidentiary hearing be held. *Id.* at 19. Gross timely filed her objections to the report and recommendation. Docket 46. The government did not object to the report and recommendation. Docket 45.

---

[1] The court will cite to documents from Gross's § 2255 motion using the case's assigned docket number. Documents from Gross's underlying criminal case, *United States v. Gross*, 4:21-CR-40169-04-KES (D.S.D.), will be cited using the case's assigned docket number preceded by "CR."

**REVIEW OF REPORT AND RECOMMENDATION**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Magistrate Judge Duffy provides a full factual background in her report and recommendation and thoroughly reviews Gross's claims, the evidence submitted, and the governing law. *See* Docket 44. After reviewing this matter de novo and reviewing the seven continuance orders from Gross's underlying criminal case in *United States v. Gross*, 4:21-CR-40169-04-KES (D.S.D.),[2] the court concludes that the magistrate judge's findings, conclusions, and recommendations are sound. This includes the magistrate judge's recommendation to deny Gross's bail request. Docket 44 at 39-40.

In her objections to the magistrate judge's report, Gross restates that her attorney, Edward Angel, was ineffective because he was physically and mentally

---

[2] The magistrate judge states that the court granted six continuance motions in the underlying case. Docket 44 at 34; *id.* at 3-4 (detailing the continuance orders). But the court granted seven. *See* CR Dockets 43, 68, 90, 121, 130, 159, 208. The magistrate judge failed to account for the continuance order at CR Docket 43. *See* Docket 44 at 3-4. The magistrate judge's error is immaterial to Gross's objections, however.

2

incapacitated and because he failed to file a notice of appeal.[3] Docket 46 at 3. Based on its comprehensive review, the court concludes Gross's objections are without merit. The court need not review these objections in detail because they are merely reiterations of her previous arguments and contentions, all of which were thoughtfully considered and rejected by the magistrate judge.[4]

      Gross's only concrete objection to the magistrate judge's report is that, in conducting its Speedy Trial Act inquiry, the magistrate judge erred by excluding the time from October 1, 2022, to February 27, 2023, because, Gross alleges, there was no motion or stipulation to continue those dates. Docket 46 at 1-2. Gross claims that her counsel was ineffective for failing to move to dismiss her case because "the periods of October 1, 2022, to February 27, 2023, or any portions thereof, are [not] excludable and the STA was violated." *Id.* at 2. Gross asserts that her record "does not include any continuance filed and any findings by a magistrate judge or judge that 'the ends of justice served by granting the continuance' . . . 'outweigh the public's and defendant's interests in a speedy trial.' "[5] *Id.*

---

[3] Gross includes a short section in her objections reiterating that Angel failed to file a notice of appeal after Gross instructed him to do so. Docket 46 at 3. But Gross does not object to any specific finding or conclusion in the magistrate judge's report. It appears Gross merely restates her failure to appeal claim against Angel and does not object to the magistrate judge's recommendation that this court grant Gross's request for an evidentiary hearing on that issue.

[4] In the concluding sentence of her objections, Gross renews her request for appointment of counsel. Docket 46 at 3. Magistrate Judge Duffy should address the issue of whether Gross is entitled to appointment of counsel for the evidentiary hearing.

[5] In the report and recommendation, the magistrate judge erred by stating that "[o]n February 28, 2022, Rusty Driscoll filed another motion for a continuance

3

Gross is incorrect, however, because the record contains three motions to continue that were granted by this court from October 1, 2022, through February 27, 2023. CR Dockets 90, 121, & 130. Each continuance order also includes ends of justice language explaining the reasons for the court's orders. *See id.* And, although her co-defendants made the motions, each order explicitly states that Gross did not object to the continuances. *Id.* As the magistrate judge noted, after the seventh motion to continue was filed, the court held a status conference where Gross did not object to her co-defendants' motions to continue. Docket 44 at 34-35. Nor did Gross object to the status conference itself. *Id.* In fact, Gross filed her own motion to continue, CR Docket 196, that was ultimately the final continuance order granted in the case, CR Docket 208. For these reasons, Gross's objection is without merit and is overruled. Other than her failure to appeal claim, Gross's contentions in the § 2255 motion and her objections to the report and recommendation "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *See Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (citation omitted).

But the court must hold an evidentiary hearing on Gross's claim that Angel failed to file a notice of appeal after being instructed to do so by Gross. *See* Docket 44 at 16-19. As the magistrate judge aptly stated, "[f]ailure to pursue an appeal that has been requested by a client is deficient attorney performance *per se.*" *Id.* at

---

reciting the fact that Ms. Gross did not object. CR Docket No. 150." Docket 44 at 4. Rusty Driscoll filed that motion to continue on February 28, 2023—not 2022. *See* CR Docket 150. Although it is unclear whether this factual error underpins Gross's objection, the magistrate judge's error does not change the fact that there were multiple continuances filed during the timeframe outlined by Gross.

4

17 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)); *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required.") (citing *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007)).

Gross states in her § 2255 motion that she told Angel to file a notice of appeal, but he did not. Docket 1 at 1. On the other hand, Angel contends in his affidavit that they both agreed there was no reason to appeal the conviction or sentence. Docket 34 at 8 ¶ 8. As the magistrate judge reported, although Angel's contradiction of Gross's assertion is rich with detail, there is not enough evidence to conclusively say that Gross's contention is completely without merit. Docket 44 at 19. Angel's statement that Gross agreed not to file an appeal is insufficient to support a finding that Gross's allegations cannot be accepted as true. *See Sellner*, 773 F.3d at 930. Thus, an evidentiary hearing is warranted on Gross's claim that her counsel was ineffective for failing to file a notice of appeal.[6]

## CONCLUSION

The court accepts the findings and recommendations of Magistrate Judge Duffy in full. Thus, it is

---

[6] In the report and recommendation, the magistrate judge failed to consider one issue that Gross raised in her § 2255 motion. Gross alleges that "there was a conflict [of interest] with the trial/sentencing judge" because the judge "stated in open court that [Gross] and Rusty Dris[coll were] not being tried together even though [they] had trial at the same time" with the same judge. Docket 1 at 2. The court has already addressed this issue, however, in a separate order denying Gross's motion to recuse. *See* Docket 14. For the same reasons described there, Gross's claim requesting recusal is denied.

5

ORDERED that the report and recommendation of the magistrate judge (Docket 44) is adopted in full as supplemented by this order. It is

FURTHER ORDERED that Gross's objections to the report and recommendation (Docket 46) are denied. It is

FURTHER ORDERED that the government's motion to dismiss (Docket 38) is granted on all claims except Gross's claim that her counsel was ineffective for failing to file a notice of appeal. It is

FURTHER ORDERED that Gross's request for an evidentiary hearing is granted on the claim that her counsel was ineffective for failing to file a notice of appeal. It is

FURTHER ORDERED that Gross's request for bail is denied.

Dated December 16, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE